# NO. 12-07-00271-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN STRICKER,*<br>*APPELLANT* | § | *APPEAL FROM THE 241TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION

John Stricker appeals his conviction for aggravated robbery. In two issues, he argues that the evidence was legally and factually insufficient to prove that he committed aggravated robbery. We affirm.

### BACKGROUND

Appellant approached a woman at a gas station outside a Brookshire's grocery store in Tyler, Texas. The woman was fueling her vehicle when Appellant put a knife to her midsection and demanded that she turn over the keys to the vehicle. Appellant was insistent, and the woman could feel the knife press against her body through the fur vest she was wearing. She told him the keys were in the ignition, and Appellant got into the car. Furious that her car was being stolen, the woman waited until Appellant had entered the car and closed the door behind him, and then opened the passenger door and doused him with gasoline from head to toe. Appellant drove off, and the woman called the police.

Her vehicle was a newer model GMC product, which was equipped with advanced telemetry equipment. The police were able to contact the provider and locate the vehicle within about fifteen

minutes of the incident at the grocery store. The police followed Appellant and were able to arrest him in the parking lot of a restaurant in the northern part of Smith County. The arresting officer said Appellant "reeked" of gasoline, and officers found a knife in the vehicle. The woman was taken to the restaurant parking lot and identified Appellant as the person who had taken her vehicle.

A Smith County grand jury indicted Appellant for the felony offense of aggravated robbery. He was convicted at trial, and the jury assessed punishment at life imprisonment after finding that he had previously committed two felony offenses. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his first and second issues, Appellant argues that the evidence is legally and factually insufficient to support the conviction. Specifically, he argues that he was guilty only of theft because there was not evidence that he used a deadly weapon, an element of aggravated robbery, in the commission of the offense.

### Standards of Review

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *Ross v. State*, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004); *Willis v. State*, 192 S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref'd). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, we conclude that no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

While legal sufficiency review is all that is required by the U.S. Constitution, the Texas Court of Criminal Appeals has determined that the Texas Constitution requires review of the factual sufficiency of the evidence. *Clewis v. State*, 922 S.W.2d 126, 129–30 (Tex. Crim. App. 1996). We review the factual sufficiency of the evidence to determine whether, considering all the evidence in a neutral light, the evidence supporting the conviction is too weak to withstand scrutiny or the great weight and preponderance of the evidence contradicts the jury's verdict to the extent that the verdict is clearly wrong and manifestly unjust. *See Watson v. State*, 204 S.W.3d 404, 414–15, 417 (Tex.

Crim. App. 2006).

**<u>Analysis</u>**

As charged in the indictment, the State was required to prove that Appellant, in the course of committing a theft of property and with the intent to obtain or maintain control of the property, intentionally or knowingly placed a person aged sixty–five years of age or older in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03(a)(3)(A) (Vernon 2003). Appellant does not argue that any of these elements were not proven. Rather, Appellant argues that there is insufficient evidence that he is guilty of aggravated robbery because there was no evidence, or insufficient evidence, that he used a deadly weapon.

A robbery can be elevated to an aggravated robbery if, in the course of the robbery, the person causes serious bodily injury to another, uses or exhibits a deadly weapon, or causes injury to or threatens a person who is sixty–five years of age or older or disabled. *See* TEX. PENAL CODE ANN. § 29.03(a). Appellant mistakenly asserts that the State was required to prove that he used a deadly weapon in the commission of the offense. But the State was not required to prove that Appellant used or exhibited a deadly weapon to prove that he was guilty of aggravated robbery because the State relied on the fact that the victim was over sixty–five years of age to elevate the offense to aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03(a)(3)(A). The indictment alleges the offense in this way, and the jury was asked if Appellant committed a robbery of a person over the age of sixty–five.[1]

Appellant concedes that the victim testified that she was over sixty–five years of age, and this evidence was not challenged. Appellant does not challenge the sufficiency of the evidence for any of the other elements the State was required to prove and concedes that there is "at least some proof" of the remaining elements of the offense. We have reviewed the record, and we hold that the evidence is legally and factually sufficient to show that Appellant committed an aggravated robbery as charged in the indictment. We overrule Appellant's first and second issues.

---

[1] The jury was asked, during the punishment phase of the trial, if Appellant used a deadly weapon during the commission of the offense or in the immediate flight after the offense. The jury answered the question in the affirmative, but Appellant does not challenge that finding.

**DISPOSITION**

Having overruled Appellant's two issues, we *affirm* the judgment of the trial court.

   BRIAN HOYLE   

Justice

Opinion delivered June 25, 2008.

*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)